I am your honor and I will just note for the court that 10 minutes ago the opinion in People v. Mosley was filed. Was filed? They told us they were going to file. We have our clerks monitoring the California Supreme Court website. Yes, they had told me that they make an announcement, a public announcement available at between 1030 and 11. That's at least a representation to me. So they may have decided that section 3003.5 does not apply to Mr. Collins. I don't know that. Well, I guess the question in my mind was even if the California Supreme Court were to strike it down as the 2,000 foot rule is unconstitutional. Here on remand the district court applied a direct view requirement. Yes, that's right. And so that direct view here the direct view requirement was imposed in part because the district court saw we're we the 2,000 foot restriction. It was ambiguous about that. On the one hand it said there are certain supervision I don't need because Mr. Collins will be subject to the state's registration regime and he will be subject to the state's residency restrictions and that's consistent with Collins one. On the other hand it also said he has to abide with procedures and the direct view is a very simple condition to administer but there's a there there's mostly the substantive thing is an apprendee question but before they get there there's a dispute about whether the statute applies to anybody but California parolees. Well before we even get there can I back you up why did you not waive this entire challenge in the plea agreement and the colloquy during the rule 11 plea? Well this is because because this is a matter that goes to sentencing and not guilt or I thought there was a specific provision let me take a look at it. Well I can go through the appellate waiver. Well I mean I read it and and specifically accepted were challenges to the registration requirement in D, challenges to the 100 foot restriction in J, and challenges to the direct view requirement in O and yet you're standing up here telling us that you want to that restriction what why should we just simply. Well we're not challenging the direct view alone okay and we're not challenging in fact the condition six is broader than what he agreed not challenge okay. Well what's he I mean he's obviously trying to get us to declare 3,002.5 unconstitutional but. Yes he is challenging the combination how they interact together which is far more restriction than he agreed not to challenge. Well let me put let me put the question to you less delicately you're a very good lawyer and you've come up with a very creative argument but why shouldn't I rule that this is just an end run around those three provisions in the plea agreement that he expressly accepted at the time he entered the plea when he accepted a limited waiver of his right to appeal. Because it's not within the appellate waiver it's brought number one he's raised three constitutional challenges asserting that the sentence in combination with 3,003.5 B is an unconstitutional sentence. But why isn't that a challenge to D, O and whatever and J or whatever that is. Because it's a broader restriction it's outside what condition 15 and condition 6 call for. Had the court said I'm had the court ruled in my in my favor on the 3,003.5 okay it's not formally a sentence imposed it's not a manner of sentence it's a pre-judgment order. Well then why isn't his challenge premature because at this point we don't even know whether California authorities or his probation officer will try to make an issue out of a violation of the penal code provision. Well and if and when he does and he's hailed back into court for a violation of the conditions of a supervised relief why couldn't he then raise this constitutional challenge assuming that it was being applied to him. Well because there are four separate ways that this dispute is ripe your honor. The first is that the first and primary one is that he does in fact live in California in a remote area it's this it's the unwilling compliance ripeness where you say I just better not deal with the potential hassle of getting arrested being carted off who knows where and that's another issue in Mosley is whether this statute creates a misdemeanor or being called into court for a probation violation. Then you've got this statute in California statutes are enforced as a default they they are until a court says that it's unenforceable. I read the language of the statute as being it doesn't say anything about federal sex offenders. Well Collins one said that this statute applies you may in fact be right as of this moment your honor but Collins one said that it applies to it and the question is because on the one hand the statute clearly was written to all sex offenders on the other hand it was tacked on by the electorate to a existing parole statute and again that's the issue that's the threshold issue that's in the Mosley opinion and as I said in about 10 to 40 minutes it'll be publicly available but but yeah I mean one of the possible outcomes is that the case is moot by virtue of what the California Supreme Court states but but the California Supreme Court isn't going to decide the question that I just posed to you is it yes it is it's going to apply to federal sex offenders well if the California Supreme Court says that this applies to only people who are under California parole supervision if they are very clear about that then it would not apply to Mr. Collins but the court could say we're just going to worry about people in California and leave it open but I thought the whole I read the District Court of Appeal opinion and it it focuses on 3003.5 be talking about the 2,000 foot restriction and why it's almost impossible in San Diego County for that's in Ray Taylor that's in Ray Taylor being decided the same it's out it's also been filed 20 minutes ago okay so but that case doesn't isn't going to impact the answer to my question is it not your immediate question I mean I've got two problems the statute doesn't say anything about anyone other than parolees released from imprisonment yeah it talks about notwithstanding any other provision of law persons required to register under section 290 and he is the regime virtue of the fact that he is a person released on parole after having served a term of imprisonment in state prison for any offense for which registration is required pursuant to section 290 if I read that statute literally no it's subdivision B I'm looking at a yeah it's B it's something I'm not sure you think you and I are passing one another yeah let me see if I can try it again well you you under subsection a I don't see that this particular statute even applies to mr. Collins because he doesn't meet the definition under subsection a as to who must comply with the statute well the answer to that the answer to that question is is that subdivision B was regarded in Collins one as a separate and dependent restriction more broadly to all sex offenders in other words it's independent of section a it's not linked to section a and that's part of the issue that the court in Mosley is deciding so is your argument basically because he doesn't know whether B might be applied to him at some point in the future he is having to limit his choice of residence and he's doing so in the most conservative cautious manner possible by moving yes and there are other there are other arguments as well the probation officer he's also the chain of events for enforcement kicks in okay right when he goes on supervised release and there's a distinction there isn't the statute does if this if it is an independent if it's not linked to parole it's a separate one and and that's being decided then the enforcement of it kicks in as soon as he gets out on supervised release and if he says I'm not going to test this that's another an independent form of ripeness but doesn't doesn't he have to also obtain the permission of his probation officer when he chooses a place to live he does in fact he's subject to a double approval one of those approvals may take place after he gets his probation officer approval and actually move in I guess my question is and I think this goes back to whether or not the claim is ripe if he chooses a residence and the probation officer approves it what's the risk to him at that point the police can come by and determine number one can the local police can come by and say well you're within two thousand feet somebody can build a park and you were within two thousand feet and oust him okay and then why wouldn't he be able to bring his constitutional challenge at that point well because he's under the he's Mr. Hannah listen to my question why isn't this like a contempt citation where the Court of Appeals does not have jurisdiction to hear the challenge to the contumacious behavior until the contemnor is actually held in contempt because it's a condition it's it's inextricably linked with the condition of supervised release okay and it's it's an automatic enforcement and if you read a Buchi a Buchi distinguishes automatic automatic enforcement I thought it requires an affirmative petition by the federal probation officer to the district court saying my supervisee is in violation of the terms and conditions of his supervisor oh he as soon as he gets out he has to register right and is part and parcel of registration that statute applies to him at least as of 955 a.m. it applies to him and so at that point he is subject to that statute okay and if you have a condition of supervised release which is automatic like that in other words the the Buchi example is a direction to answer any any and all questions posed you by the probation officer even though the probation officer has not asked you a question that may incriminate you you can challenge the breadth of that on direct appeal now if you have a condition that says provide all truthful information to the probation officer that or provide truthful information to the probation officer then that's a case where the probation officer has to ask the question but enforcement enforcement is not automatic you want to save some time for rebuttal yes I do but let's hear from the government please the court Nancy Spiegel for the United States your honors the actual condition of supervised release that's being challenged here condition 15 only applies the direct view residency restriction and the 15-year term of supervised release there's nothing in his supervised release or conditions that deals with California statute 303.5 B but if I understand mr. Hannah's argument what he's saying is I don't know whether or not I'm subject to the penal code provision and out of an abundance of caution I'm going to move out into a rural area away from all parks schools swimming pools and so on and that and that is in essence infringing on my liberty interest now even though I'm not worried that my federal probation officer is going to write me up for a supervised release violation I'm worried that I'm going to get into trouble with the state authorities who could enforce that statute against me that that's how I understood the argument okay it that's not what would happen in fact though in this case I did talk to defendants probation officer and she informed me that defendant is living with his sister and that the issue of the 2,000 foot restriction has never come up between the two of them and that if it had come up she would have worked something out with him in in some cases where a defendant wants to live within the 2,000 foot restriction the probation officer petitions the district court and they usually come to a compromise let's say that process broke down and the defendant chooses to live within the 2,000 foot restriction against the district court and probation officers decision then it's a matter of if the statute will be enforced against him and it's unclear at this moment as far as I know whether or not the statute provides for merely a raised in Mosley but the point is if that actual actuality came to fruition and and he was living in violation of 3,000 3.5 B and the state authorities came to enforce the statute against him at that moment his claim would be ripe and he would have a 1983 civil rights action against the but it's not right as of this moment and I believe you raised this issue in your brief but can you address the question I asked mr. Hannah about whether or not we even have jurisdiction to entertain the appeal based on the language of the appellate waiver the appellate waiver covers you the residence restriction what what issue I believe this court does have jurisdiction over is the narrow issue of whether the district court erred in ruling on whether 3,000 3.5 B applies to the defendant that's the precise nature of his challenge on appeal is of the district court's ruling. Why isn't I still understand why is that not a challenge to the residency requirement which I thought was covered in your I mean I have to say this is one of the longest and most detailed appellate waivers I've ever seen yes it is but it's pretty specific with regard to where he gets to live and whether or not he can challenge it so maybe I'm missing something here I mean if both agree that we have jurisdiction although parties can't stipulate to jurisdiction then maybe we do have jurisdiction and then we're back to your ripeness concern if he were challenging the direct review restriction then up to that level of restriction the appeal is waived however he is required to register under condition six he is required to register as a sex offender under California Penal Code Statute 290 and as of this moment one of the collateral consequences of his registration may or may not subject him to subsection B of 3,000 3.5 so that's where he would so if I understand what you're saying he could very well be abiding by Judge Selna's restriction that he not live in direct view of a prohibited place by living with the sister yes but it may still violate the 2,000 foot restriction if that restriction is upheld by the California Supreme Court theoretically yes in fact he is living with it with outside the 2,000 foot area so he's not at the moment he's not in any fear of knock on the door by California law enforcement no he's not and the probation officer also informed me that he's only recently become employed so that it seems unlikely he would have had other options for a place to live prior to this moment in this you know that all may change in the future the law may change in the future but as of the time of this argument he's not in violation of anything counsels judge Gould if I may ask you a question so what's the position of the United States as to whether our panel should at this time you know given this sentence review the constitutionality of the California Penal Code 3003 and what what are you saying we should review it or we shouldn't you should not review it respectfully your honor because it's not right at this moment okay so it would be right if there was an attempt to enforce it against him that's correct but it could go into court into some court to challenge that that's correct and I think the best course for him would be to challenge it if he wanted to federally to challenge it as a civil 1983 action as a violation of his civil rights so that the district court here unless I'm missing something this district court can't really do anything about 3003 that is our position yes your honor okay okay thank you so if I understand your position what you're asking us to do is to say yes we have very limited appellate jurisdiction to determine the propriety of the district courts refusal to address the constitutional issue and we should affirm that ruling that it's not right that's correct yes that's correct or I have it now okay if the court has no further questions the government will submit anything further okay thank you very much no your honor just a couple of things you said I ask you first do you agree with her statements about the current conditions that you know she spoke with the defendant's sister and the probation officer and she described what that he's where he's living and she she is describing that accurately yes but the problem is is he still subject to life on the lam so to speak because the city of Palmdale and it's part of this uncertainty of constantly having to watch the city of Pearl Blossom could put in a pocket park just to get rid of them I mean it's a it's a pretty popular thing that cities do and I just want to point out that waivers are subject to very tight construction and this is as you said very detailed and so I think she's right and even if so it's not an issue of fundamental jurisdiction we can agree that the waiver does not cover the particular issue that I'm arising so it's not an issue of fundamental jurisdiction but you have rightness and you have unwilling compliance rightness because this is a pretty remote area in point of fact he's driving 50 miles to a job in Valencia okay so this is pretty far out there and he did try to live with his father near the aerospace industry in Southern California and he's he's an aerospace he's he was a council if I could just ask you the same question I asked the government let me have frame it this way what could this district court do relating to 3003 that you'd like us to order the district court to do I would like you to order the district court ultimately to tell to tell the district court that in fact 3003.5 is at least preempted that he doesn't have to comply with it that it's the probation officers approval of a direct view residence that applies to him that's what I'm looking for and of course I'd like to win on the constitutional grounds but ultimately I want a statement that federal law applies to this federal supervisee and not this state statute that's hanging out here he needs to know where he can live because he might change his mind things might become crowded at his sister's house whatever reasons he might find you know for work reasons or whatever a whole host of reasons so he needs to know where he can live definitively and if you look at the combination of condition 6 and pages 10 and 11 and in the minute order which is pretty central you'll you'll pick up an ambiguity okay regimes and residence schemes as opposed to registration procedures and and so at the very least the court should resolve tell the court to district court to resolve that ambiguity and you have to figure out whether section 3003.5 applies but I thought I thought your adversary suggested that this California restriction wasn't was subject to some sort of negotiation and possible modification by the by the judge if he wanted to let's say live somewhere closer well it's in the hands ultimately in the hands of local law enforcement in this instance I mean you could work out an agreement you could not but again that's sort of the Saliki what I call the sword of Damocles it's a double approval process which is pretty onerous or is it so onerous because you don't know how it's going to work and you could be dispossessed on short notice and that means all of a sudden you don't have the ability to enter any kind of long-term leash you can't do a year to year or you lose rights under a year to year because you can get a letter in the mail after you've moved and had your residency approved by the probation officer you get a letter from the chief of police or his designee that says you're violating of this statute get out or if that happened to him what would prevent him from contacting his probation officer and if the probation officer was unable to work out the chief of police's concern applying to judge Selma for some appropriate relief whether in the form of an injunction or restraining order whatever it might take in order to alleviate the problem when it arises well the issue though is whether he can deal with it now and avoid that pain well he don't avoid the significant expense and trouble and can only live in certain places at the moment he's fine I mean that's the problem I'm having is that when does this thing ripen into a case or controversy that we need to invoke the authority of a United States District Court to resolve and I'm not sure we're there yet mr. Hannah that's the problem I'm having with your argument well I'm I'm saying that he's already been affected by it because he's had a residence rejected in point of fact he is he has moved from Valencia his sister has moved last January about a year ago is he not living with the sister now he is living with his sister but she moved to a different look yeah he she moved and you don't know why she moved and the federal probation officer approved that change in residence did she not yes in fact it resulted in a change of federal probation officers and now he has different probation officer but he does have the approval of whoever's supervising him right well he gives that approval and the police aren't bothering him at the moment but they could bother him and he is out it's the unwilling compliance okay I think we understand your position yes does the panel have any further questions all right thank you mr. and I let you run over but it's an interesting issue yeah thank you a case just argued is submitted
judges: Korman, Gould, Tallman